

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| VS. | ◊ | Civ. No. 04-1058-T/An |
| | ◊ | Crim. No. 99-10005-T |
| HAROLD LONG, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |

---

### ORDER GRANTING LEAVE TO AMEND
### ORDER CONSTRUING FILING AS MOTION PURSUANT TO
### 28 U.S.C. § 2244(b)(3)
### AND
### ORDER TRANSFERRING MOTION PURSUANT TO 28 U.S.C. § 2244(b)(3)
### TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

Defendant Harold Long, Bureau of Prisons inmate registration number 16421-076,

an inmate at the Federal Correctional Institution in Memphis, filed a *pro se* motion pursuant

to 28 U.S.C. § 2255 on March 24, 2004, accompanied by a memorandum of law. On July

9, 2004, Long filed a motion seeking leave to amend his motion to assert an additional

claim. The Court issued an order on October 28, 2004 directing Long, within thirty days,

to submit a copy of his motion bearing his original signature under penalty of perjury, as

required by Rule 2(b) of the Rules Governing § 2255 Proceedings. Long filed a signed copy

of his order on November 5, 2004, along with another copy of the motion that was filed on

July 9, 2004. As the limitations period had not expired at the time Long sought leave to

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on __08-08-05__

amend, the Court issued an order on March 1, 2005 granting the motion to supplement. Subsequently, on June 16, 2005, Long filed a supplement that cited additional authority for one of the claims in his original motion.

On January 25, 1999, a federal grand jury returned a three-count indictment against Long. The first count charged him with distribution of 45.6 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). The second count charged him with distribution of 19.8 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The third count charged him with distribution of 22.3 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On April 7, 1999, Long entered a plea of guilty to all counts of the indictment. The Court conducted a sentencing hearing on July 1, 1999, at which time Long was sentenced to concurrent terms of one hundred twenty months imprisonment on each count, to be followed by a four-year period of supervised release.[1] Judgment was entered on July 7, 1999. Long filed a timely notice of appeal, but the appeal was dismissed for want of prosecution. United States v. Long, No. 99-5990 (6th Cir. Sept. 9, 1999).

Long filed a motion on July 25, 2000 seeking leave to file an appeal out of time, and the Court issued an order denying the motion on July 31, 2000.

Long filed a motion pursuant to 28 U.S.C. § 2255 on September 11, 2000. The

---

[1] The three counts of conviction were grouped pursuant to § 3D1.2(d) of the United States Sentencing Guidelines. The total amount of crack cocaine involved in the three counts was 87.7 grams. Pursuant to U.S.S.G. § 2D1.1(c)(4), the base offense level for at least 50 grams but less than 150 grams of cocaine base is 32. Long was given a three-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 29. Given his criminal history category of III, the guidelines provided a sentencing range of 108-135 months.

motion asserted that counsel afforded ineffective assistance, in violation of the Sixth

Amendment, through his failure to:

1.  perfect Long's appeal;
2.  object to the aggregation of the drug quantity for three separate offenses;
3.  file a motion to dismiss the indictment for failure to allege a statutory violation and to object to the district court's resultant lack of subject-matter jurisdiction;
4.  object to a sentencing enhancement when no notice was filed; and
5.  object to a violation of the Department of Justice, United States Attorney's Manual due to state prosecution for the same drug offense.

The Court issued an order on March 16, 2001 directing the Government to respond to the

motion. The Government filed its response on May 9, 2001, and Long filed a reply on June

5, 2001. The Court issued an order on February 26, 2002 rejecting each of the issues raised

by Long except for his claim that counsel failed to perfect his direct appeal and setting an

evidentiary hearing on that remaining issue. That order also directed the magistrate judge

to appoint counsel to represent Long at the evidentiary hearing. Following the evidentiary

hearing, the Court issued an order vacating Long's sentence and directing the clerk to

prepare an amended judgment to permit Long to file a timely notice of appeal. Long v.

United States, No. 00-1265-T (W.D. Tenn. Jan, 30, 2003). Judgment was entered on

February 10, 2003. Long filed a timely notice of appeal, and the United States Court of

Appeals for the Sixth Circuit affirmed his sentence. United States v. Long, 83 Fed. Appx.

762 (6th Cir. Dec. 8, 2003).

Long filed another motion pursuant to 28 U.S.C. § 2255 on March 24, 2004, which

raises the following issues:

1.    Whether his sentence was imposed in violation of the Fifth and Sixth
      Amendment; and
2.    Whether he received ineffective assistance of counsel on direct appeal.

In the amendment filed on July 9, 2004, Long argued that he was entitled to relief

pursuant to the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

In his June 16, 2005 filing, Long cited the Sixth Circuit's decision in <u>Ballard v. United</u>

<u>States</u>, 400 F.3d 404 (6th Cir. 2005), as further support for his claim that his appellate

counsel rendered ineffective assistance.

It is necessary, as a threshold matter, to determine whether the Court may consider

this motion without prior authorization from the Sixth Circuit.  Paragraph 8 of § 2255

provides that "[a] second or successive motion must be certified as provided in section 2244

by a panel of the appropriate court of appeals."  <u>See also</u> 28 U.S.C. § 2244(a) ("No circuit

or district judge shall be required to entertain an application for a writ of habeas corpus to

inquire into the detention of a person pursuant to a judgment of a court of the United States

if it appears that the legality of such detention has been determined by a judge or court of

the United States on a prior application for a writ of habeas corpus, except as provided in

section 2255.").  It is, therefore, necessary to consider whether this motion is "second or

successive," terms that are not defined by statute.

There is no clear answer to this question.  In <u>In re Goddard</u>, 170 F.3d 435, 438 (4th

Cir. 1999), the Fourth Circuit held that, where a prisoner uses his first § 2255 motion solely

to reinstate his right to direct appeal, a § 2255 motion filed after the conclusion of direct review is not "second or successive" and does not require approval from the Court of Appeals.[2] This position is shared by several other courts of appeals. See In re Olabode, 325 F.3d 166 (3d Cir. 2003); McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002); Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998) (per curiam); United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam). Two other circuits take a contrary position. See Jamison v. United States, 244 F.3d 44, 46-47 (1st Cir. 2001); United States v. Orozco-Ramirez, 211 F.3d 862, 866-71 (5th Cir. 2000); Pratt v. United States, 129 F.3d 54, 60-63 (1st Cir. 1997).

The circuits that have not adopted a blanket rule that "when a prisoner's first § 2255 motion is granted to reenter judgment, the 'counter of collateral attacks pursued' is 'reset to zero,'" Goddard, 170 F.3d at 438 (quoting Shepeck, 150 F.3d at 801), differ in their treatment of § 2255 motions filed after the conclusion of a belated direct appeal. The First Circuit apparently holds that, "[w]here a first motion is used to reinstate a direct appeal, reinstatement is unquestionably a grant of collateral relief on the merits and any later motion attacking the same conviction and sentence is, in ordinary usage, a second or successive motion." Jamison v. United States, 244 F.3d 44, 46 (1st Cir. 2001). Thus, the First Circuit

---

[2] In so holding, the Fourth Circuit noted that, "[s]ince the passage of the AEDPA, other courts, including the Supreme Court, have concluded that certain § 2254 and § 2255 motions that were dismissed for reasons such an unripeness, failure to exhaust state remedies, or failure to pay filing fees are not counted in determining whether a later motion is 'second or successive.'" Id. The Sixth Circuit, in an unpublished opinion, has quoted this language in Goddard with approval, although in a context different than the instant case. United States v. Grass, No. 98-1168, 1999 WL 486567, at *2 (6th Cir. July 1, 1999) (per curiam).

apparently does not recognize an exception for claims that could not reasonably have been raised in the initial § 2255 motion. See id. at 46-48; see also Sustache-Rivera v. United States, 221 F.3d 8, 12-14 (6th Cir. 2000) (declining to hold that a petition is not "second or successive" because it raises claims that could not have been presented earlier).

The Fifth Circuit, by contrast, holds that any claim raised in the second § 2255 motion that was available to the defendant when he filed his initial § 2255 motion is "second or successive" and is subject to dismissal as such. Orozco-Ramirez, 211 F.3d at 869.[3] By contrast, any claims that was not available at the time the initial § 2255 motion was filed, such as a claim of ineffective assistance of counsel on direct appeal, is not "second or successive." Id. at 871.

Even if Goddard were the law in the Sixth Circuit,[4] this case is factually distinguishable in that Long raised other issues in his original § 2255 motion that were addressed on the merits. It is likely, therefore, that his motion is "second or successive."[5] Accordingly, this Court cannot consider the claims raised in the instant motion without leave from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also United States v. Bender, 96 Fed. Appx. 344 (6th Cir. Apr. 26, 2004); McQueen v.

---

[3]   The Fifth Circuit would require a prisoner to assert all his claims in his initial § 2255 motion because he is not in a position to know whether his claim seeking a delayed appeal would be granted. Id. at 870-71.

[4]   At least one district court in this circuit has followed Goddard. Cantrell v. United States, 123 F. Supp.2d 427 (M.D. Tenn. 2000).

[5]   In so holding, the Court recognizes that it is beyond the control of a § 2255 movant whether a district court chooses to decide his claim that he was denied a direct appeal as a threshold issue or considers all his claims on the merits.

Scroggy, 99 F.3d 1302, 1334-35 (6th Cir. 1996). Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.

Therefore, under Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this __5th__ day of August, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

7

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 9 in case 1:04-CV-01058 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

Harold Long
16421-076
FCI Memphis
P.o. Box 34550
Memphis, TN 38184--055

Honorable James Todd
US DISTRICT COURT