IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civ. No. 04-1058-T/An |
| | ) | Crim. No. 99-10005-T |
| HAROLD LONG, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION

Defendant Harold Long filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on March 24, 2004. On August 5, 2005, the Court issued an order transferring the motion to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3), as a second or successive § 2255 motion. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (unauthorized second or successive § 2255 motion should be transferred to Court of Appeals). On August 19, 2005, the defendant filed a motion for reconsideration, which the Court construes as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court but, rather, is designed to correct manifest errors of fact or law which led to the entry of judgment." Windsor v. A Federal Executive Agency, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). The granting of a motion

under Rule 59(e) is within the sound discretion of the district court. McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 (6th Cir. 1989).

Long asserts that the Court should not have treated his § 2255 motion as second or successive because the purpose of his original § 2255 motion was to reinstate his right to a direct appeal. The Court addressed this issue extensively in the August 5 order. The Court recognized that there is a split of authority regarding whether the § 2255 clock is reset to zero when the only issue raised in the original § 2255 was counsel's failure to perfect a direct appeal and the motion was granted to allow reentry of the criminal judgment. Compare, e.g., In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) with United States v. Orozco-Ramirez, 211 F.3d 862, 866-71 (5th Cir. 2000).

Notwithstanding the split of authority on this issue, the Court determined that the present § 2255 motion is second or successive because Long's original § 2255 raised issues in addition to counsel's failure to perfect a direct appeal. Those additional issues were addressed on the merits and denied. Thus, the case was subject to transfer under 28 U.S.C. § 2244(b)(3). Long has offered no arguments in his motion for reconsideration that persuade the Court to modify that ruling.

The motion for reconsideration is DENIED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_22 August 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 1:04-CV-01058 was distributed by fax, mail, or direct printing on August 23, 2005 to the parties listed.

---

Harold Long
16421-076
FCI Memphis
P.o. Box 34550
Memphis, TN 38184--055

Honorable James Todd
US DISTRICT COURT